**UNITED STATES v. MAHONING COAL R. CO.**

**RAUTZAHN v. SAME.**

Nos. 5765–5768.

Circuit Court of Appeals, Sixth Circuit.

Jan. 5, 1932.

For original opinion, see 51 F.(2d) 208, which reversed judgment in 41 F.(2d) 533.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

In this case, we held that the Central and the Mahoning could not be considered as affiliated corporations for the making of a combined return of income and profits. We followed a group of decisions, one of which was Handy & Harman v. Commissioner (2d C. C. A.) 47 F.(2d) 184. The last-named case was pending in the Supreme Court on certiorari, and we have held this petition for rehearing until the Supreme Court decided that case. This was done by opinion filed November 23 last, affirming the court below. 52 S. Ct. 51, 52, 76 L. Ed. ——. This would seem to call for a denial of this petition; but the railroads urge that the opinion of the Supreme Court declares a principle which requires the conclusion that they are affiliated and claim this principle to be that the affiliation permitted or required was intended to secure, and the act should be interpreted so as to apply to all cases where such affiliation will operate to secure, "substantial equality as between shareholders who ultimately bear the burden." It is pointed out that the shareholders of the Central ultimately bear the entire burden of whatever tax is assessed, jointly or separately, and the stockholders of the Mahoning carry no tax burden. The quoted phrase from the Supreme Court opinion we think was intended to refer to a case where the tax burdens upon the stockholders who ultimately carry them are the same (equal), whether the income goes to one or the other of the corporations.

It is not enough to find that a particular instance is within the general principle of equity or policy which probably induced the passage of a law; it must also be inquired whether the language of the law reasonably extends to that instance. Elaborating slightly what was said in our opinion, and what we take to be the purport of what we there quoted from the Supreme Court opinion, it seems to us that Congress observed a class of instances where two corporations were operated as an economic unit or single business enterprise, and where it would be advisable, both from the standpoint of the corporations and from that of the government, that the taxable income and profits should be considered as a unit. The natural criterion, in com-

pelling or permitting this unity, would be whether it made any substantial difference to any stockholder in either company which company bore the losses or earned the profits of the associated enterprise. It was only in those cases where there was this indifference or equality that affiliation would be clearly appropriate, because only in those cases could the stockholders show a clear right to the privilege of affiliation, and in those cases only could the companies, without injury to their stockholders, shift the profits and losses as between themselves, and thus be rightly subjected to compulsory affiliation.

Adopting the criterion, substantial immateriality to any stockholder, it is now evident that there are, at least, two situations where that immateriality exists. One is where there is practically unity of stock ownership or control; the other is where contract or other relations between the companies have so fixed, as between themselves, the disposition of earnings and losses that the same immateriality exists as to the effect upon any stockholder of either company.

Assuming this probable underlying purpose, Congress might well have adopted language which would include both of these instances; but it did not. It expressly confined the statute to cases where the equality of ultimate burden or benefit depended upon stock ownership or control. It omitted the cases (perhaps of equal appeal) where this equality came from contract relations. We are not convinced that the Handy opinion requires us to change the result which we had reached.

The application for rehearing is denied.